IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLEHAUNTS, LLC,<br>a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS FAMILY FARM, LLC,<br>a Washington limited liability company, and<br>DOES 1-5, inclusive,<br><br>Defendants. | Civil Action No.: 2:19-cv-1937<br><br>**COMPLAINT FOR:**<br>**1) COPYRIGHT INFRINGEMENT;**<br>**2) LANHAM ACT - UNFAIR**<br>**COMPETITION;**<br>**3) CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Plaintiff SeattleHaunts, LLC ("Seattlehaunts"), for its Complaint against Defendants Thomas Family Farm, LLC's ("Defendant" or "Thomas Family"), and DOES 1-5, alleges as follows:

## NATURE OF ACTION

1.   Seattlehaunts is a well-known company in the greater Seattle area, including Pierce, King, and Snohomish counties, in the business of providing premier haunted houses, escape rooms, escape games, and other similar attractions.  Seattlehaunts operates under various dba's, including Seattle Escape Games and NIGHTMARE ON 9, as well as other brands.

2.   Scott Kolling, an owner of Seattlehaunts, has been providing haunted house entertainment services for 26 years, including work with a non-profit from 1993-1996, and with his own company Haunts Northwest, Inc., from 1996 to 2012, and then with Seattlehaunts from 2012 to the present.  Through his extensive experience with haunted house entertainment services, Mr. Kolling has developed Seattlehaunts into a provider of premier entertainment services in the haunted house industry, which the Haunted House Association has estimated to be $300M in 2017.

3.   During the time it has been providing haunted house entertainment, Seattlehaunts has developed high quality services as well as products and props for its events.  In addition, Seattlehaunts develops and commissions for development on its behalf proprietary designs to advertise its locations and events.  These designs include its well-known graphics and stylized text used by Seattlehaunts since 2012 for the "NIGHTMARE ON 9" haunted house attraction using the NIGHTMARE ON 9 mark and graphics ("the Mark") as shown below:

COMPLAINT ................................................................... 1
Case No. 2:19-cv-1937

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900



4.  Seattlehaunts' high quality events and associated props and graphics have made Seattlehaunts a trusted provider, supplier, and host of this genre of entertainment services throughout the greater Seattle area, and in the course of its business, Seattlehaunts has garnered substantial goodwill and has advertised and marketed its goods and services under the Seattlehaunts' trademarks and service marks.

5.  Seattlehaunts utilizes copyright protection for its original designs as well as trademark and service mark protection for its various business names and attraction names.  This intellectual property of Seattlehaunts is not available for license to third parties due to strict quality controls employed by Seattlehaunts in preserving the goodwill associated with its brands and marks.

6.  In a fraudulent and intentional scheme, Thomas Family Farm illegally and without Seattlehaunts' permission, usurped and misappropriated for its own unlawful use the trademarks, service marks, and copyrighted graphics of Seattlehaunts to operate a haunted house attraction in direct competition with Seattlehaunts.  Thomas Family Farms accomplished its illegal scheme by wholesale copying of the NIGHTMARE ON 9 graphics and text on its website and at its haunted house location that for 7 previous years was an attraction managed and operated by Seattlehaunts.

COMPLAINT .............................................................. 2
Case No. 2:19-cv-1937

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

7.     Thomas Family Farm filed a fraudulent Washington State Trademark application and obtained a Washington State Trademark registration under a false claim of ownership of Seattlehaunts' NIGHTMARE ON 9 mark.  Thomas Family Farm knew that Seattlehaunts developed the text and graphics for the NIGHTMARE ON 9 mark, that Seattlehaunts by contract with Thomas Family Farm was responsible for controlling the quality of the services provided by Seattlehaunts under the NIGHTMARE ON 9 mark, and yet it deceptively and without notice to Seattlehaunts filed the Washington State Trademark application to deceive and induce the Washington Secretary of State into issuing a registration in the name of Thomas Family Farm for the NIGHTMARE ON 9 mark for the services rendered by Seattlehaunts.

8.     Thomas Family Farm was not and is not authorized to use the trademarks and copyrights of Seattlehaunts.  Despite being put on notice by Seattlehaunts in 2019 of its ownership of the copyright and service mark rights in the mark NIGHTMARE ON 9, Thomas Family Farm fraudulently, willfully, and with intent to deceive, used the NIGHTMARE ON 9 text, graphics and Mark in conducting a haunted house attraction in September and October of 2019, and deceiving the public as to the true source of the goods and services provided by Thomas Family Farm under the guise of ownership of the Mark.

**PARTIES**

9.     Plaintiff SeattleHaunts, LLC is a Washington limited liability company with its principal place of business located at 5000 E. Marginal Way S., Seattle, Washington 98134.

10.    Defendant Thomas Family Farm, LLC is a Washington limited liability company which, upon information and belief, has its principal place of business located at 9010 Marsh Rd., Snohomish, Washington 98296.

11.    The true names or capacities, whether individual, corporate, associate, or otherwise, of Does 1-5 inclusive, and each of them are unknown to Seattlehaunts at this time. Seattlehaunts therefore sues Does 1-5 by such fictitious names.  Seattlehaunts will amend the Complaint to reflect the true names and capacities of said Does 1-5 when that information has been ascertained.  Seattlehaunts alleges upon information and belief that each of Does 1-5 is an

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

agent, co-conspirator, employee, and/or partner of Thomas Family Farm, and each was involved in and caused the wrongdoing alleged herein, and is jointly and severally liable for all of the conduct alleged herein.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action under 17 U.S.C. § 501(b) and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint includes claims arising under the Copyright Act, and 17 U.S.C. § 100 *et. seq.*, and 28 U.S.C. § 1369 (supplemental jurisdiction) and the doctrines of ancillary and pendant jurisdiction.

13.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant is a Washington limited liability company and resides in this judicial district, a substantial part of the tortuous acts giving rise to the claims alleged herein have occurred, are occurring and will continue to occur in this judicial district, and the infringement has occurred, is occurring and will continue to occur in this judicial district.

## GENERAL ALLEGATIONS

14.     Seattlehaunts restates and re-alleges each and every allegation and statement in paragraphs 1-9 as though set forth fully herein.

15.     In the Spring of 2012, Thomas Family Farm contacted Seattlehaunts to negotiate a haunted house event on the Thomas Family Farm property for the fall of 2012.  Seattlehaunts and Thomas Family Farm agreed to be equal partners for the 2012 haunted house.

16.     Seattlehaunts member Scott Kolling suggested the name NIGHTMARE ON 9 for the event, which was agreed to by Thomas Family Farm.

17.     Seattlehaunts contracted with an independent design, Joseph Wondell, a web designer, to design a graphical mark for use in advertising the 2012 event.  Mr. Wondell provided the Mark as shown above, and by agreement with Thomas Family Farm, Mr. Wondell's invoice was paid by Thomas Family Farm.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

18.     Tickets were sold online and onsite at one ticket booth.  Employees from Thomas Family Farm and from Seattlehaunts both worked in the ticket booth, with Thomas Family Farm controlling the funds that came in that year.

19.     After expenses were paid, Thomas Family Farm and Seattlehaunts LLC split the remaining money evenly.

20.     In 2013, Seattlehaunts advised Thomas Family Farm that Seattlehaunts would not be partners if Thomas Family Farm wanted Seattlehaunts to do the Nightmare on 9 Haunted House on their property for the Fall 2013.  Seattlehaunts would instead be an independent contractor or vendor, and Thomas Family Farm would receive 25% of the income from the ticket sales only.  Thomas Family Farm agreed, but only with a one-year contract for each year.

21.     Seattlehaunts gave Thomas Family Farm permission to sell any leftover apparel Thomas Family Farm had made for the 2012 event with the understanding that Thomas Family Farm would not make any additional NIGHTMARE ON 9 branded apparel.  In 2014 Seattlehaunts purchased the remaining apparel inventory from Thomas Family Farm.

22.     It was agreed by the parties that Seattlehaunts would be responsible for the entire NIGHTMARE ON 9 Haunted House event in 2013, and Thomas Family Farm would provide the location and utilities.  Seattlehaunts handled all of the advertising, admission sales online, onsite and at Costco, hiring actors and staff, payroll, building, construction, design, quality, website, social media, permits, and all other operations of the Nightmare on 9 Haunted House, and Seattlehaunts gave Thomas Family Farm permission to advertise that the NIGHTMARE ON 9 event would take place on the Thomas Family Farm property.

23.     In addition, it was agreed that Seattlehaunts would also sell sponsorships for the NIGHTMARE ON 9 Haunted house and retain all revenues, and Thomas Family Farm was not allowed to do so.  From 2013 through 2018 Seattlehaunts permitted Thomas Family Farm to sell certain ticket combinations online and onsite at their own ticket booth, and Seattlehaunts would receive 75% and Thomas Family Farm would retain 25%.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

24.     Each year from 2013 to and including 2018, Seattlehaunts decided which ticket combinations Thomas Family Farm could sell online and onsite.  Seattlehaunts had its own ticket booth onsite that would sell NIGHTMARE ON 9 Haunted House general admission tickets, VIP tickets, Combination tickets( one for the Nightmare on 9 Haunted House and one for the Seattlehaunts Georgetown Morgue Haunted House), Thursday Family and Friend night passes, and VIP tickets with behind the scenes tour.

25.     Seattlehaunts maintained a NIGHTMARE ON 9 website through which it also sold these tickets.

26.     Seattlehaunts advertised the Georgetown Morgue Haunted House and the NIGHTMARE ON 9 Haunted House on the same poster, flyers, handbills, website, and other print and social media.

27.     Seattlehaunts registered NIGHTMARE ON 9 as a dba of Seattlehaunts with the Washington Department of Revenue on April 7, 2016.

28.     From 2013 through 2018, Seattlehaunts and Thomas Family Farm entered into an annual contract for the NIGHTMARE ON 9 Haunted House event, which included a lease of a portion of the Thomas Family Farm property to Seattlehaunts.  Seattlehaunts paid 25% of the ticket sales from the NIGHTMARE ON 9 Haunted House Event to Thomas Family Farm for the use of space each year.

29.     On May 9, 2019, Seattle Haunts and Thomas Family Farm met to discuss the fall 2019 NIGHTMARE ON 9 Haunted House event.  Thomas Family Farm asked Seattlehaunts to start construction of the haunted house on September 23, 2019.  The parties also discussed what activities would be involved for that event.

30.     On June 25, 2019, Seattlehaunts and Thomas Family Farm had a second meeting to finalize plans for the fall 2019 NIGHTMARE ON 9 Haunted House event.  At that time Thomas Family Farm advised Seattlehaunts that Seattlehaunts was not welcome to do the haunted house event on the Thomas Family Farm property, and that Seattlehaunts had to remove

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

all of its personal property for the NIGHTMARE ON 9 Haunted House event by August 31, 2019.

31.     Seattlehaunts then posted on its NIGHTMARE ON 9 website and social media that Seattlehaunts would no longer be conducting the NIGHTMARE ON 9 Haunted House event at the Thomas Family Farm in Snohomish and to look for Seattlehaunts' new location in 2020.

32.     On August 7, 2019, Seattlehaunts filed a Washington State Trademark Application for the mark NIGHTMARE ON 9 in class 25 for clothing and class 41 for entertainment services.  Attached as Exhibit 1 is a true and correct copy of the application as filed.

33.     On August 15, 2019, the Washington Secretary of State sent a letter to Seattlehaunts' advising the mark NIGHTMARE ON 9 was unavailable for registration because it had been previously registered by another party.  Attached as Exhibit 2 is a true and correct copy of the Secretary of State's letter.

### Seattlehaunts' Copyrighted Material

34.     Seattlehaunts NIGHTMARE ON 9 artwork and text includes the text and graphics as depicted in paragraph 2 of this Complaint (the "Work").

35.     Seattlehaunts contracted with an independent artist, Joseph Wondell, to design the Work for Seattlehaunts' use in in marketing and advertising the NIGHTMARE ON 9 Haunted House event.  Mr. Wondell provided Seattlehaunts with the Work shown paragraph 2 above, and by agreement with Thomas Family Farm, Mr. Wondell's invoice was forwarded to Thomas Family Farm for payment.

36.     On August 15, 2019, Mr. Wondell executed an Assignment that transferred all ownership in the Work as well as all copyrights and registrations in the Work to Seattlehaunts. Attached as Exhibit 3 is a true and correct copy of the Assignment.

37.     The Wondell Assignment included the "right to sue for and collect damages by reason of past and present infringement of the aforesaid copyrights."

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

38.     On August 16, 2019, Seattlehaunts filed an application to register the copyrights in the Work with the U.S. Copyright Office.  After examination by the Copyright Office, a Certificate of Registration No. VA 2-165-247 was issued in the name of Seattlehaunts with an effective date of August 16, 2019.  Attached as Exhibit 4 is a true and correct copy of the Certificate of Registration.

### **Defendant's Unauthorized Use of Seattlehaunts' Mark and Copyrighted Work**

39.     In a scheme that, on information and belief, was hatched by Thomas Family Farm in 2018, Thomas Family Farm and at least one of its members, officers, and directors determined to misappropriate the intellectual property of Seattlehaunts for its own gain.

40.     Thomas Family Farm used, without authorization, copyrighted images of the Work and of the Mark owned by Seattlehaunts, including the graphics associated with the Mark, as evidenced by its unauthorized reproduction, display, and transmission of the same on its website, www.thomasfamilyfarm.com/nightmareon9, as shown below:



SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900



41.     Thomas Family Farm submitted a fraudulent Washington State Trademark Application to the Washington Secretary of State that was filed, in information and belief, on or about November of 2018, and which resulted in the issuance of Washington State Trademark Registration No. 1079133 on December 7, 2018, for the mark NIGHTMARE ON 9.  Attached as Exhibit 5 is a true and correct copy of Washington State Trademark Registration No. 1079133.

42.     In submitting the application for the trademark registration, Thomas Family Farm executed the application under penalty of perjury that its false statements in the application were in fact true.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

43.    In an attempt to conceal its scheme from Seattlehaunts, Thomas Family Farms did not advise Seattlehaunts that it had obtained a Washington State Trademark registration for the NIGHTMARE ON 9 mark until it sent a demand letter on August 13, 2019.

44.    Thomas Family Farm, by and through its counsel, sent a demand letter to Seattlehaunts on August 13, 2019, asserting, *inter alia*, Seattlehaunts was intentionally infringing the NIGHTMARE ON 9 trademark that Thomas Family Farm had registered.  Accompanying the letter was a copy of Washington State Trademark Reg. No. 1079133.

45.    Thomas Family Farm demanded payment of $39,000 for a transfer of the Mark and the trademark registration to Seattlehaunts.

46.    On September 10, 2019 Seattlehaunts, by and through its counsel, notified Thomas Family Farm of the issuance of the copyright Certificate of Registration in Exhibit 4. Attached is Exhibit 6, which is a true and correct copy of the letter sent to counsel for Thomas Family Farms.

47.    With intentional and willful disregard for the rights of Seattlehaunts in the Work, Thomas Family Farm continued to reproduce, display, and transmit the Work on its website, other social media, and in print form at its farm in Snohomish.

48.    Thomas Family Farm intentionally and willfully misappropriated the Work in order to use it in connection with advertising and marketing a haunted house event in September and October of 2019 at the property of Thomas Family Farm.

## **FIRST CLAIM FOR RELIEF:**

## **INFRINGEMENT OF PLAINTIFFS' COMMON LAW TRADE NAME AND FALSE DESIGNATION OF ORIGIN OR A FALSE DESCRIPTION OR REPRESENTATION, IN VIOLATION OF THE LANHAM TRADEMARK ACT (15 U.S.C. § 1125 *et seq.*)**

49.    Seattlehaunts restates and re-alleges each and every allegation and statement in all of the paragraphs in this Complaint as though fully set forth in this First Cause of Action.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

50.     Without authorization or notice to Seattlehaunts, and in furtherance of its willful and intentional misappropriation of Seattlehaunts intellectual property, Thomas Family Farm used the MARK in social websites and in print form at its property and other public locations for the purpose of advertising and marketing a haunted house event in the fall of 2019 at the Thomas Family Farm property in competition with Seattlehaunts.

51.     Thomas Family Farm's unauthorized use of the Mark damaged Seattlehaunts in that it was likely to and did cause confusion, mistake, and deception in the minds of the consuming public as to the affiliation, connection, or association of Seattlehaunts with Thomas Family Farm.

52.     The actions of Thomas Family Farm further damaged Seattlehaunts by creating confusion in the minds of the consuming public as to the origin, sponsorship, or approval of the Thomas Family Farm 2019 haunted house event by Seattlehaunts.

## SECOND CLAIM FOR RELIEF:

## COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101 *et seq.*)

53.     Seattlehaunts restates and re-alleges each and every allegation and statement in all of the paragraphs in this Complaint as though fully set forth in this Second Cause of Action.

54.     Seattlehaunts is the exclusive owner of the Work and all copyrights in the Work.

55.     Without authorization or notice to Seattlehaunts, and in furtherance of its willful and intentional misappropriation of Seattlehaunts intellectual property, Thomas Family Farm reproduced, displayed, and transmitted the Work electronically via social websites and in print form at its property and other public locations for the purpose of advertising and marketing a haunted house event at the Thomas Family Farm property in competition with Seattlehaunts.

56.     Thomas Family Farm has reproduced, transmitted, displayed, distributed, advertised, or created works identical to or derived from Plaintiff's copyrighted work, or have knowingly contributed to, assisted, directed, facilitated, and/or induced others in doing the same.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

57.     Thomas Family Farm continues to reproduce, transmit, display, distribute, advertise, and/or create works identical to or derived from Seattlehaunts' copyrighted work, and/or continue to knowingly contribute to, assist, direct, facilitate, and/or induce others in doing the same.

58.     Thomas Family Farm's activities infringe, directly, indirectly and/or contributorily, Seattlehaunts' copyright in violation of 17 U.S.C. § 106.

59.     Defendants have at all relevant times been aware of Seattlehaunts' copyright in the Work, as well as Seattlehaunts' related federal registration.  Despite such actual or constructive knowledge of Seattlehaunts' rights, Thomas Family Farm has willfully infringed and continues their willful infringing behavior.

60.     Seattlehaunts has been, and will continue to be, damaged by Thomas Family Farm's actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**

**DECEPTIVE TRADE PRACTICES**

**(Violation of the Washington Deceptive Trade Practices-Consumer Protection Act)**

**(RCW §§ 19.86 *et seq.*)**

61.     Seattlehaunts restates and re-alleges each and every allegation and statement in all of the paragraphs in this Complaint as though fully set forth in this Third Cause of Action.

62.     Thomas Family Farm's material and intentional misrepresentations as to its expertise and experience in running haunted houses by using Seattlehaunts Mark and Work has and is likely to continue to cause consumer confusion and mistake.  It has deceived and is likely to continue to deceive consumers into believing that Thomas Family Farm has the ability to conduct safe haunted house entertainment events.

63.     Thomas Family Farm's material and intentional misrepresentations of its expertise and experience in the construction, use, repair, restoration, and maintenance of props,

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

equipment, and stage materials for haunted house events constitutes an unfair or deceptive act or practice and an unfair method of competition, affecting the public interest, in violation of the Unfair Business Practices-Consumer Protection Act, Chapter 19.86 Revised Code of Washington.

64.    Thomas Family Farm's actions were intentional, knowing, willful, or reckless and its actions have and continue to cause injury to Seattlehaunts' business and property in an amount to be proven at trial.  Seattlehaunts is entitled to statutory and treble damages, and to costs and attorneys' fees.  Thomas Family Farm's conduct has and continues to cause irreparable harm to Seattlehaunts for which there is no adequate remedy at law

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and against all of their affiliates, agents, servants, employees, partners and all persons in active concert or participation with it, for the following relief:

1.    A final judgment that:

a.    Defendants have made an unauthorized use of a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation or connection of the Defendants with Seattlehaunts, and thus violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

b.    The Defendants have diluted the distinctiveness of the NIGHTMARE ON 9 mark, and caused dilution by blurring and/or dilution by tarnishment, and thus violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

c.    That the above acts were done willfully or intentionally, and that Seattlehaunts is entitled to damages of no less than $75,000.

2.    For entry of an ORDER permanently enjoining and restraining the Defendants, and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, from:

COMPLAINT ............................................................ 13
Case No. 2:19-cv-1937

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

a.      Using any reproduction, copy, or colorable imitation of the NIGHTMARE ON 9 mark, as defined herein, for and in connection with any goods or their packaging not authorized by Seattlehaunts;

b.      Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the NIGHTMARE ON 9 mark;

c.      Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Seattlehaunts, or sponsored by or associated with Seattlehaunts, and from offering such goods in commerce;

d.      Further infringing the NIGHTMARE ON 9 mark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or their packaging not authorized by Seattlehaunts that bear any simulation, reproduction, copy, or colorable imitation of the NIGHTMARE ON 9 mark;

e.      Using any simulation, reproduction, copy or colorable imitation of the NIGHTMARE ON 9 mark in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized services or products and their packaging and advertising in such fashion as to relate or connect, or tend to relate or connect, such products in any way to the NIGHTMARE ON 9 haunted house event, or to any related goods sold, manufactured, sponsored, or approved by, or connected with the NIGHTMARE ON 9 haunted house event;

f.      Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected

1    with the NIGHTMARE ON 9 haunted house event, or are sold, manufactured, licensed,

2    sponsored, approved, or authorized by Seattlehaunts;

3                        g.        Infringing the NIGHTMARE ON 9 mark, or the Plaintiff's rights

4    therein, or using or exploiting the NIGHTMARE ON 9 mark, or diluting the NIGHTMARE ON

5    9 mark;

6                        h.        Secreting, destroying, altering, removing, or otherwise dealing

7    with the unauthorized products or any books or records which contain any information relating

8    to the importing, manufacturing, producing, distributing, circulating, marketing, advertising,

9    offering for sale, selling, promoting, renting or displaying of all unauthorized products which

10    infringe or dilute the NIGHTMARE ON 9 mark; and

11                        i.        Effecting assignments or transfers, forming new entities or

12    associations or utilizing any other device for the purpose of circumventing or otherwise avoiding

13    the prohibitions set forth in any Final Judgement or Order in this action.

14            3.        For an entry of an ORDER directing that the Defendants deliver up for

15    destruction to Seattlehaunts all unauthorized products, advertisements, and packaging in their

16    possession or under their control bearing any of the NIGHTMARE ON 9 mark, or any

17    simulation, reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices,

18    and other means of production of same pursuant to 15 U.S.C. § 1118.

19            4.        For an entry of an ORDER requiring the Defendants to disseminate

20    corrective advertisements in a form approved by the Court to acknowledge their violations of the

21    law hereunder, and to ameliorate the false and deceptive impressions produced by such

22    violations.

23            5.        That Defendants be found to have willfully, deliberately, and actively

24    infringed the Plaintiff's copyrighted Work, both directly and indirectly.

25            6.        That Defendants, and their respective principals, partners, officers,

26    franchisees, agents, employees, servants, licensees, affiliates, distributors, producers, attorneys

27    and representatives, and all of those in privity with or acting under the direction or control of any

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts that infringe Plaintiff's copyright in the Work, including reproducing, displaying, distributing, transmitting, preparing derivatives, licensing, transferring, manufacturing, importing, offering for sale and promoting any design based in whole or in part on, or derived from, or that otherwise infringes Plaintiff's copyrighted Work.

7.      That Defendants, and their respective principals, partners, officers, franchisees, agents, employees, servants, licensees, affiliates, distributors, producers, attorneys and representatives, and all of those in privity with or acting under the direction or control of any of them, be required to destroy or deliver up for destruction all documents, materials, and other items that infringe, in whole or in part, Plaintiff's copyrighted work.

8.      That Defendants be required to file with this Court and serve on Plaintiff a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

9.      That this Court award Plaintiff all damages caused by Defendants' infringement, including all available damages pursuant to 17 U.S.C. § 504 *et seq.*, of no less than $75,000, including Defendants being required to pay such damages as Plaintiff has sustained, or will sustain, in consequence of Defendants' copyright infringement, including lost profits, but in no event less than a reasonable royalty, or in the alternative, statutory damages.

10.     That Plaintiff be awarded enhanced damages for Defendants' willful infringement pursuant to 17 U.S.C. § 504.

11.     For Plaintiff's reasonable attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 1203.

12.     That Plaintiff be awarded all costs and expenses in this action under 28 U.S.C. § 1920, 17 U.S.C. § 505, and Federal Rule of Civil Procedure 54(d).

13.     That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues in this case.


Dated this 26th day of November, 2019.

Respectfully submitted
SEED IP Law Group LLP

/s/E. Russell Tarleton
E. Russell Tarleton, WSBA No. 17,006
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900
Facsimile: 206-682-6031
RussT@SeedIP.com

Attorney for Plaintiff
SeattleHaunts, LLC

7098868_1.doc

COMPLAINT ............................................................... 17
Case No. 2:19-cv-1937