The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLEHAUNTS, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS FAMILY FARM, LLC, a Washington limited liability company, and DOES 1-5, inclusive,<br><br>    Defendants. | No. 19-cv-1937-JLR<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF JURISDICTION OR TO STAY**<br><br>NOTE ON MOTION CALENDAR:<br><u>January 31, 2020</u><br><br>**ORAL ARGUMENT REQUESTED** |

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 866-3230  Fax: (206) 866-3234

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

I)   INTRODUCTION AND RELIEF REQUESTED ................................................... 1

II)  REQUEST FOR JUDICIAL NOTICE ...................................................................... 1

III) STATEMENT OF PRESUMPTIVE FACTS ............................................................. 2

   A)   Thomas Family Farms Sues in State Court, Seattlehaunts Later Sues in this Court .......... 5

IV)  AUTHORITY ............................................................................................................... 7

   A)   The Court should Dismiss Plaintiff's Copyright Act Claim with Prejudice, because the Alleged Work is either Derivative of the Logo Admittedly Created by Defendant, a Trivial Variation on the Logo, or Jointly Owned. ................................................................................ 7

      1.   The Wondell version of the Logo is a trivial variation of the original, to which Thomas Family Farm has the copyright and Wondell and his assignee do not. ................................... 8

      2.   Alternatively, the Wondell version of the Logo is an Improperly Registered Derivative Work. ........................................................................................................................................ 10

      3.   Alternatively, if the Logo is a Joint Work, Seattlehaunts cannot Sue the Joint Author for Infringement. ..................................................................................................................... 11

   B)   The Court should Dismiss or Abstain as to Seattlehaunts' Remaining Claims, which Involve the Same Issues as in the State Court or are State-Law Claims over which this Court lacks Independent Jurisdiction. ............................................................................................... 12

V)   CONCLUSION .......................................................................................................... 15

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

i

# I) INTRODUCTION AND RELIEF REQUESTED

Defendant, Thomas Family Farm, LLC ("Thomas Family Farm") sued Plaintiff Seattlehaunts, LLC ("Seattlehaunts") for trademark infringement in Washington State court (Cause No. 19-2-09008-31 in the Superior Court for Snohomish County, the "State Court Action"). Seattlehaunts answered the complaint in state court, admitting key facts. Then, Seattlehaunts brought this action in which it alleges mirror-image trademark claims and state-law claims and, as a hook for federal jurisdiction, claims under the Copyright Act, all based on the same events and logo. Since Seattlehaunts admits that it ordered the allegedly infringed work under a partnership agreement with Thomas Family Farm, and that Thomas Family Farm had already created the nearly-identical design from which the Work was derived, Seattlehaunts' copyright claim should be dismissed. Because its other claims are under state law or at least seek relief available in the State Court Action based on the same issues to be determined in the State Court Action, the Court should abstain under the *Colorado River* doctrine and either dismiss or stay the action as to those claims. Therefore, Thomas Family Farm, LLC respectfully requests under Fed. R. Civ. P. 12(b)(6) that the Court dismiss Seattlehaunts' Copyright Act claims, and respectfully requests under Fed. R. Civ. P. 12(b)(1) that the Court dismiss the remainder of this action or at least stay it pending resolution of the State Court Action.

Because the State Court Action is highly relevant to this action, Thomas Family Farm, LLC further respectfully requests that the Court take judicial notice of certain filings therein, attached to the Declaration of Emanuel Jacobowitz filed herewith.

# II) REQUEST FOR JUDICIAL NOTICE

For purposes of its motion under Rule 12(b) only, Thomas Family presumes to be true, *arguendo*, the well-pleaded facts alleged in Seattlehaunts' First Amended Complaint (the

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

"Complaint) (Dkt. No. 7), or incorporated by reference therein, not contradicted by facts judicially noticed. This action grows out of the State Court Action, as alleged in Seattlehaunts' First Amended Complaint (the "Complaint") (Dkt. No. 7) at paragraph 9. On a motion to dismiss, the Court may properly take notice of directly related proceedings in other courts. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Phillips 66 Co. v. Sacks*, C19-0174JLR, 2019 WL 4276610, at *4 (W.D. Wash. Sept. 10, 2019). Thomas Family Farm thus cites below to relevant admissions by Seattlehaunts in the State Court Action.

The Court may also properly take notice of documents referenced but not included in the complaint, such as the contract between the parties regarding the subject event and trademark. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") (quoting *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295–96 (9th Cir. 1998)). Thomas Family Farm thus cites below to the parties' contract referenced at ¶ 21 of the Complaint, which was introduced as an exhibit to the Verified Complaint in the State Court Action.

Thomas Family Farm therefore asks the Court to take notice of those documents.

### III)   STATEMENT OF PRESUMPTIVE FACTS

Thomas Family Farm owns a farm property (the "Farm") on Route 9 in Snohomish, Washington. Declaration of Emanuel Jacobowitz, filed herewith ("Jacobowitz Dec."), Exh. 1 ¶ 8 (Verified Complaint in State Court Action); *id.* Exh. 2 ¶ 8 (Seattlehaunts' Answer in State Court Action). There, Thomas Family Farm runs a roadside attraction (also known as the "Thomas

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

2

1  Family Farm") which includes a corn maze, monster truck rides, and several other activities for
2  children and adults. *Id.*

3  In 2012, Seattlehaunts entered a partnership with Thomas Family Farm to put on a
4  haunted-house event at the Farm. Complaint ¶ 16. Thomas Family Farm created a design for a
5  logo for that part of the Farm attraction, which looked like this:



13  Declaration of Emanuel Jacobowitz, filed herewith ("Jacobowitz Dec."), Exh. 1 ¶ 11 & Exh B;
14  *id.* Exh. 2 ¶ 11. Seattlehaunts then arranged for a graphics designer, one Joseph Wondell, to
15  tweak the design. Complaint ¶ 18. Mr. Wondell was paid by Thomas Family. *Id.*; Jacobowitz
16  Dec. Exh. 1 at Exh. C.  Mr. Wondell's version of the logo looks like this:



24  MOTION TO DISMISS                                      CLOUTIER ARNOLD JACOBOWITZ, PLLC
   (No. 19-cv-1937-JLR)                                    2701 FIRST AVENUE, SUITE 200
                                                           SEATTLE, WA 98121
                                                           (206) 866-3230  FAX: (206) 866-3234

3

Complaint ¶ 37 & Exh. 3.[1]

Thomas Family and Seattlehaunts went on to hold a Halloween-themed haunted house event at the Farm every year for the next several years, using that same "Nightmare on 9" logo (the "Logo.")[2] Complaint ¶ 29. Both Seattlehaunts and Thomas Family used the Logo to advertise these events. *Id.* ¶ 23.

The parties operated the haunted-house events under a series of annual contracts. *Id.* ¶ 21. In their contract for 2014, Seattlehaunts acknowledged Thomas Family's ownership of the Mark. Jacobowitz Dec. Exh. 1 at Exh. H ¶ 7 ("Thomas Family Farm may sell any apparel left over from previous years including those with **Thomas Family Farm's trademarked 'Nightmare on 9'** on them.") (emphasis added). They further agreed that they would, "[a]t this time…share the copyright and trademark to 'Nightmare on 9.'" *Id.*

On December 7, 2018, Thomas Family Farm registered the Logo (and the text in the Logo) as a trademark with the Washington Secretary of State. Complaint Exh. 5. At the time, Thomas Family Farm and Seattlehaunts were still planning to work together in 2019 as before, and indeed, asked Seattlehaunts to do so at a meeting in May 2019. *Id.* ¶ 30.

In June 2019, however, for reasons that are beyond the scope of this motion, Thomas Family Farm refused to work further with Seattlehaunts, and ordered it to leave. Complaint ¶ 31.

---

[1] Seattlehaunts defines Wondell's alleged "Work" as "the text and graphics as depicted in paragraph 2 of this Complaint. Complaint ¶ 35. Paragraph 2 of the Complaint includes no text or graphics. *See id.* ¶ 2. Strictly speaking, this fact alone is fatal to Seattlehaunts' Copyright Act claim, as it has failed to define the work which it claims was infringed upon. But based on a liberal reading of the remainder of the Complaint, drawing inferences favorably to Seattlehaunts as required under Fed. R. Civ. P. 12(b)(6), Thomas Family Farm assumes that the alleged "Work" is the same logo attached to Exhibit 3.

[2] Logos can be trademarked, and certain logos can also have copyright protection. Seattlehaunts refers to the logo as the "NIGHTMARE ON 9 mark" or the "Mark" in the context of its trademark claim, and refers to the same exact logo as the "Work" in the context of its copyright claim. Thomas Family Farm, to avoid any confusion caused by using two different names for the same thing, calls it "the Logo" in both contexts.

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

4

Seattlehaunts retaliated by announcing to the public—falsely—that Thomas Family Farm would no longer host the annual Halloween event on Route 9. *Id.* ¶ 32; Jacobowitz Dec. Exh. 1 at ¶ 21 & Exh. J; *id.* Exh. 2 at ¶ 21.

In August 2019, Seattlehaunts went even further and tried to register the Logo as Seattlehaunts' trademark (a move intended purely to oppress Thomas Family Farm, since it is Thomas Family Farm, not Seattlehaunts, which owns the site on "Route 9" where the "Nightmare" is held). Complaint ¶¶ 33. Seattlehaunts failed because Thomas Family Farm had registered the Logo as a trademark in 2018. *Id.* ¶ 34. Seattlehaunts was notified of this on August 13, 2019. *Id.* ¶ 44. It immediately retaliated further by contacting Mr. Wondell and purporting to buy an assignment of copyright in the Logo, and applying for copyright registration on August 16, 2019. *Id.* ¶¶ 37, 39. Neither Seattlehaunts nor Mr. Wondell notified Thomas Family Farm of this until after its copyright registration was approved in September 2019. *Id.* ¶ 47.

Afterwards, Thomas Family Farm (allegedly) continued to use the Logo. *Id.* ¶ 48.

The Seattlehaunts copyright registration for the Logo does not identify it as a derivative work. Complaint Exh. 4.

**A) Thomas Family Farms Sues in State Court, Seattlehaunts Later Sues in this Court.**

On October 7, 2019, Thomas Family Farm commenced the State Court Action. In a Verified Complaint, it described the history of the Logo and the parties' dispute. Jacobowitz Dec. Exh. 1 at ¶¶ 1–27. It further alleged that "SeattleHaunts' continued use of Thomas Family's Trademark in commerce, and its false published statements about Thomas Family and the Event have caused and are causing actual consumer confusion." *Id.* Exh. 1 at ¶ 28. And it brought claims based on those events, for trademark infringement under the Washington Trademark Act,

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

5

RCW 19.77.140, and for defamation based on Seattlehaunts' published statements that Thomas Family Farm was infringing on Seattlehaunts' intellectual property rights by using the Logo. *Id.* Exh. 1 at ¶¶ 29–45. It prayed for statutory remedies including at least damages, attorney's fees, injunctive relief, and a declaration of rights in the Logo. *Id.* Exh. 1 at ¶¶ 34–37. It also prayed for common-law damages and an equitable injunction to prevent further commercial derogation and confusion. *Id.* Exh. 1 at ¶¶ 44–45.

Seattlehaunts filed an Answer in the State Court Action, raising the affirmative defense of "lack of ownership," alleging that it was the actual owner of the Logo, the affirmative defense of supposed "abandonment" of the trademark, and the affirmative defense of "unclean hands," alleging that Thomas Family Farms had deceived the public in false advertising as to the true provider of the services sold at the Nightmare on 9 annual events. Jacobowitz Dec. Exh. 2 at 4:13–18, 5:5–12. Seattlehaunts also, as cited above, expressly admitted to several key facts. *Id.* Exh. 2 at ¶¶ 8, 11, 18, 21.

Nevertheless, Seattlehaunts then escalated again by filing this action, which it served on December 18, 2019. Seattlehaunts alleges similar facts as Thomas Family Farms had in state court, albeit with a spin, and alleges: (1) a claim for common-law tradename infringement and false designation under the Lanham Act, on the same theory as its State Court Action "lack of ownership" affirmative defense, (2) a Copyright Act claim, (3) a claim for violation of the Washington Consumer Protection and Unfair Trade Practices Act, RCW ch. 19.86, on the same theory as its State Court Action "unclean hands" affirmative defense, (4) a mirror-image claim for a declaration that it did not infringe on Thomas Family Farm's trademark, (5) a claim for a declaration that Thomas Family Farms abandoned its trademark, essentially the same as its State Court Action "abandonment" affirmative defense, and (6) a mirror-image claim for declaratory

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

6

relief that it did not defame Thomas Family Farms. Complaint, *passim* (Dkt. No. 7). In other words, it asks for Copyright Act relief and for this Court to rule on each of the claims and affirmative defenses already raised in the State Court Action.

### IV) AUTHORITY

**A) The Court should Dismiss Plaintiff's Copyright Act Claim with Prejudice, because the Alleged Work is either Derivative of the Logo Admittedly Created by Defendant, a Trivial Variation on the Logo, or Jointly Owned.**

As set forth above, Seattlehaunts admits that Thomas Family Farm created a certain "Nightmare on 9" logo for use by their partnership,[3] but Seattlehaunts nevertheless claims copyright in the "Nightmare on 9" logo provided shortly afterwards by their vendor. That the vendor's version, the alleged work at issue in this case, was developed from Thomas Family Farms' original, is obvious at a glance:

   

Original Logo                           Wondell version Logo

---

[3] Thomas Family Farm does not concede Seattlehaunts' characterization of the parties' relationship as a partnership, for purposes other than this motion. If there is or was a partnership, Seattlehaunts' claim that it diverted the copyright and trademark rights to itself in 2012 and later led Thomas Family Farm to believe otherwise, gives rise to a number of tort claims, but that is beyond the scope of this motion.

MOTION TO DISMISS　　　　　　　　　　　　　　　　　　CLOUTIER ARNOLD JACOBOWITZ, PLLC
(No. 19-cv-1937-JLR)　　　　　　　　　　　　　　　　　　2701 FIRST AVENUE, SUITE 200
　　　　　　　　　　　　　　　　　　　　　　　　　　　　SEATTLE, WA 98121
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(206) 866-3230  FAX: (206) 866-3234

7

Given those facts, there are three possibilities, none of which allow this claim to be brought in this Court: (1) the Wondell version of the Logo is a mere variation of Thomas Family Farms' original, which has no independent copyright protection; (2) the Wondell version of the Logo is a derivative work and only his changes could have copyright protection, and they do not because the Logo was not registered as a derivative work; or (3) the Logo is a joint work in the whole of which each co-author has equal undivided rights and cannot give rise to an infringement claim by one against the other.

**1. The Wondell version of the Logo is a trivial variation of the original, to which Thomas Family Farm has the copyright and Wondell and his assignee do not.**

To have a claim for copyright infringement, Seattlehaunts must plausibly allege (1) a valid copyright, and (2) that Thomas Family Farm, without right, copied protected aspects of the copyrighted material. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018). As discussed *supra*, in determining whether Seattlehaunts has met this burden on a motion under Fed. R. Civ. P. 12(b)(6), the Court need not accept conclusory allegations that are contradicted by materials referenced in the pleadings or by activity in related actions in other courts.

Copyright protection exists only in "original works of authorship." 17 U.S.C. § 102(a). "[O]riginality is the sine qua non of copyrightability." *Kamar International, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir.1981). "The leading treatise on copyright law states that originality means 'that the work owes its origin to the author, *i.e.,* as independently created and not copied from other works.'" *Moore Pub., Inc. v. Big Sky Mktg., Inc.*, 756 F. Supp. 1371, 1374 (D. Idaho 1990) (quoting 1 NIMMER ON COPYRIGHT § 2.01[A] at p. 2–9 (1990)).

Seattlehaunts claims authorship (as assignee of Wondell) in the Logo based on Wondell's alleged alterations to the original version created by Thomas Family Farm. But if Wondell's

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

8

version of the Logo is not an original work, within the meaning of 17 U.S.C. § 102(a), then there is no separate copyright for that version, and no infringement. For example, in the seminal case of *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 489 (2d Cir. 1976), the alleged author sought to enforce a supposed copyright in a plastic version of a common-domain cast-metal 'Uncle Sam' piggy bank, claiming "differences not only of size but also in a number of other very minute details: the carpetbag shape of the plastic bank is smooth, the iron bank rough; the metal bank bag is fatter at its base; the eagle on the front of the platform in the metal bank is holding arrows in his talons while in the plastic bank he clutches leaves, …[t]he shape of Uncle Sam's face is supposedly different, as is the shape and texture of the hats…[the texture of the clothing, the hairline, shape of the bow ties and of the shirt collar and left arm as well as the flag carrying the name on the base of the statue are all claimed to be different, along with the shape and texture of the eagles on the side." The district court and the appellate court in that matter viewed those all as minor, trivial differences that could not, individually or in the aggregate, amount to such originality as to allow for a new copyright. *Id.*

This case is much the same: Wondell made relatively trivial changes to the original Logo created by Thomas Family Farm. Changes like that to a logo—lettering, coloring of the text or background, and the like—were rejected as being insufficiently original to result in a separately copyrightable work, in *Moore Pub., Inc. v. Big Sky Marketing, Inc.*, 756 F.Supp. 1371, 1374 (D. Idaho 1990). In that case, which is one of the very few recorded decisions to discuss copyright in logos at any length, the District Court held as a matter of law that those minor tweaks to the logos before it were not a basis for new copyright. *Moore Pub.*, 756 F. Supp. at 1376. The reason to be cautious when asked to extend new copyright protection to close variants of a design is simple: if copyright accrued every time a minor change is made, any future licensees of any of

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

9

the alleged authors would be at risk of violating the copyright of each of the other supposed authors, "leading to endless hair-splitting copyright litigation." *Id.* at 1375. Therefore, the "contributions [must] rise above the minimal or trivial." *Id.* (citing *Gracen v. Bradford Exchange*, 698 F.2d 300 (7th Cir. 1983).

## 2. Alternatively, the Wondell version of the Logo is an Improperly Registered Derivative Work.

Even if the differences between the Wondell version of the Logo and the original are deemed substantive and creative enough to qualify for copyright protection, the Wondell version is at most a mere derivative work. A "derivative work" is "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work.'" 17 U.S.C. § 101. Copyright in derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material [or] affect…the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material. 17 U.S.C. § 103.

And most relevantly here, to avoid entrapping licensees of the derivative author into inadvertent infringement of the original author's copyright, the derivative author is required to register his copyright as a derivative work. *Garner v. Sawgrass Mills Ltd. Partnership,* 1994 WL 829978, 35 U.S.P.Q.2d 1396, 1403 & n. 5 (D.Minn.1994). Failure to provide that necessary information, like other material misstatements on a copyright application, "is grounds for

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230 FAX: (206) 866-3234

10

rendering the copyright registration unenforceable." *Id.* (granting summary judgment where alleged copyright holder had failed to inform the Register of Copyrights that its logo was based in part on another author's logo). Notably, the Copyright Act has become even stricter on that point since *Garner* was decided, and no longer requires willful failure to inform the Register. *Bruhn NewTech, Inc. v. United States*, 144 Fed. Cl. 755, 796 (Fed. Cl. 2019) (invalidation on that ground "does not require a showing of willfulness or fraud.").

### 3. Alternatively, if the Logo is a Joint Work, Seattlehaunts cannot Sue the Joint Author for Infringement.

In the interest of covering all possibilities, no matter how remote, one other alternative reading of the alleged facts should be considered: what if the Logo could be viewed as a joint work by Thomas Family Farm and Wondell? A "joint work" is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C § 101. The Court is not asked in this motion to determine whether the Logo is a joint work. What is key for purposes of this motion is that even if it is a joint work, joint authors each have "an undivided ownership in the whole of the joint work, including any portion thereof." *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 872 (C.D. Cal. 2013) (quoting 1 Nimmer on Copyright § 6.06[A]). And it is black-letter law that a co-owner of a copyright "cannot be liable to another co-owner for infringement of the copyright." *Oddo v. Ries*, 743 F.2d 630, 632 (9th Cir. 1984); *accord, e.g., Reinsdorf*, 922 F. Supp. 2d at 872.[4]

---

[4] Further, any dispute between co-owners, as for an accounting, would be a pure matter of state law, as to which this Court would lack jurisdiction. *Oddo*, 743 F.2d at 632.

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

11

Thus, Seattlehaunts is in a cleft stick: if Wondell's changes to the Logo were too minor to copyright, Seattlehaunts has no copyright and its claim must be dismissed; if Wondell's changes were sufficiently creative and original to earn copyright status as a derivative work, it is improperly registered so Seattlehaunts has no copyright and its claim must be dismissed; and in the unlikely event that the Logo was a joint work, Seattlehaunts cannot sue the co-author for infringement and its claim must be dismissed.

**B) The Court should Dismiss or Abstain as to Seattlehaunts' Remaining Claims, which Involve the Same Issues as in the State Court or are State-Law Claims over which this Court lacks Independent Jurisdiction.**

Stripped of Seattlehaunts' unsupportable, inadequate Copyright Act allegations, this case, respectfully, should not stay in this Court.  Seattlehaunts' claims under state law (common-law trade name infringement, statutory unfair competition, and mirror-image claims for declarations on the State Court Action claims and defenses) could be heard by this Court only under pendent jurisdiction, and thus only if there is a viable federal question claim.  The only remaining prop for federal jurisdiction in the First Amended Complaint is Seattlehaunts' claim for damages and injunction for confusion or dilution of unregistered-trademark under the Lanham Act, 15 U.S.C. §§ 1125(a) and (c).  Complaint ¶¶ 55–61 and Prayer for Relief 1–3 (Dkt. No. 7).

There are at least two problems with this claim.  First, and most obviously, in the contract referenced by Seattlehaunts in the First Amended Complaint ¶ 21 but strategically omitted from its exhibits, Seattlehaunts acknowledges that the "Nightmare on 9" trademark belongs to Thomas Family Farm. Jacobowitz Dec. Exh. 1 at Exh. H ¶ 7.  That alone makes its claim implausible and should lead to dismissal under Fed. R. Civ. P. 12(b)(6).

Second, this is an exemplary case for abstention under the comity doctrine of *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

12

483 (1976).  The threshold question when considering the *Colorado River* doctrine is whether the state and federal actions are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  This does not mean "exact parallelism." *Id.*  State and federal proceedings "are substantially similar if they arise out the same alleged conduct and seek to vindicate the same rights." *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018); *and see Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1170 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) ("the state and federal proceedings are substantially similar because they both concern rights to the Subject Claims, name the same pertinent parties, and attempt to accomplish the same goal.")  Thus, for instance, where "[b]oth cases question which entity has the right to use the Healthcare mark in health care and retirement facility services in Kansas," and the federal court "trademark dilution and false designation of origin claims" under the Lanham Act "arise from essentially the same facts as the claims asserted in the state case," the cases were substantially similar for *Colorado River* purposes.  *Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc.*, 324 F. Supp. 2d 1202, 1204–05 (D. Kan. 2004); *and see Silvaco Data Sys., Inc. v. Tech. Modeling Associates, Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995) (case arising out of the parties' contracts and alleging false-advertising and unfair competition was substantially similar to a case pleading a claim under the Lanham Act arising out of the same events and transactions, for *Colorado River* purposes).  This case amply passes that threshold.

Next, the Court of Appeals has identified seven factors for a *Colorado River* analysis "(1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

13

decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping." *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002).

Here, factor (1) is neutral—neither court has assumed jurisdiction over property. Factor (2) weighs slightly in favor of abstention—although the difference between court in Everett and in Seattle may be small to the attorneys, a courthouse closer to home may be easier for some witnesses. Factors (3) and (4) solidly favor abstention—where the plaintiff in this case seeks declaratory relief on its affirmative defenses in the first-filed State Court Action, there is certainly a risk of piecemeal litigation. *Solverdi Worldwide, Ltd. v. Olson*, CV-09-1279-PHX-SRB, 2009 WL 10673426, at *3 (D. Ariz. Aug. 27, 2009) (staying Lanham Act, unfair competition, and consumer-fraud claim case pending resolution of same issues in first-filed state court action); *Silvaco Data Sys., Inc. v. Tech. Modeling Associates, Inc.*, 896 F. Supp. 973, 976–77 (N.D. Cal. 1995) (same, because state court false-advertising and defamation claims covered essentially same ground as Lanham Act claim, presenting risk of piecemeal litigation).

Factor (5) also favors abstention. The Lanham Act claim is nominally under federal law, but "[f]or the purposes of Colorado River analysis, it is settled that concurrent jurisdiction over a claim lessens the significance of the rule of decision factor." *Centro Foods, Inc. v. Nazarian*, CV09-06395 ODWVBK, 2010 WL 1710286, at *3 (C.D. Cal. Apr. 21, 2010) (abstaining from Lanham Act case in face of parallel state-court proceedings, considering that state courts have concurrent jurisdiction over Lanham Act claims); *Silvaco Data Sys., Inc.* 896 F. Supp. 973, 976–77 (same). And realistically, issues of state law seem predominant even with regard to the Lanham Act claim—as discussed above, the alleged partnership in 2012, the contract with the vendor who allegedly reworked the Logo, and the parties subsequent contracts bearing on

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

14

1  trademark rights, will be central to the question of who owned the Logo and which of them it
2  stands for in the public mind.  The rule of decision on all the other claims is under state law.

3  Factor (6) is neutral, because "the adjudicative power of state courts under the Lanham
4  Act is identical to that of federal courts," especially considering that the parties are already
5  disputing the same issue of infringement on trademark rights in the Logo in the State Court
6  Action.  *Centro Foods, Inc.*, 2010 WL 1710286 at *3.  Factor (7) is neutral.

7  This Court's sister district court also found it significant, in the *Centro Foods* trademark
8  case, that "pursuant to Federal Rule of Civil Procedure 13 and California Code of Civil
9  Procedure section 426.30, Plaintiff should have asserted its claims as compulsory cross-claims in
10 Defendants' state court action because they (a) arise out of the same transaction or occurrence
11 that is the subject matter of Defendants' claims; and (b) do not require adding another party over
12 whom the court cannot acquire jurisdiction."  *Centro Foods, Inc.*, 2010 Wl 1710286 at *3.
13 Substituting "Washington Civil Rule 13" for "California Code of Civil Procedure section
14 426.30," the same is true here.  Except for the inadequate Copyright Act claim, all of
15 Seattlehaunts' claims here are compulsory counterclaims that should have been brought in the
16 State Court Action.

## V)  CONCLUSION

18 Because Seattlehaunts fails to state a claim under the Copyright Act, and either fails to
19 state a Lanham Act claim or at best states a claim that belongs in the State Court Action, the case
20 should be dismissed or at least stayed pending the resolution of the State Court Action.
21 SUBMITTED this 8th day of January, 2020.

22                                    CLOUTIER ARNOLD JACOBOWITZ, PLLC

23                                    _____/s/ Emanuel Jacobowitz_____
                                      Emanuel Jacobowitz, WSBA No. 39991

24 MOTION TO DISMISS                          CLOUTIER ARNOLD JACOBOWITZ, PLLC
   (No. 19-cv-1937-JLR)                              2701 FIRST AVENUE, SUITE 200
                                                         SEATTLE, WA 98121
                                                 (206) 866-3230  FAX: (206) 866-3234

15

| | |
|---|---|
| 1 | Priya Sinha Cloutier, WSBA No. 37407 |
| 2 | 2701 First Ave, Suite 200<br>Seattle, WA 98121 |
| | Phone: (206) 866-3230 |
| 3 | Fax: (206) 866-3234<br>Manny@CAJlawyers.com |
| 4 | *Counsel for Defendant* |

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

16

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2020, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to all parties registered with CM/ECF.

EXECUTED this 8th day of January 2020 at Seattle, Washington.

      /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA No. 39991

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

17