The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLEHAUNTS, LLC,
a Washington limited liability company,

                                Plaintiff,

   v.

THOMAS FAMILY FARM, LLC, a Washington limited liability company, and DOES 1-5, inclusive,

                               Defendants.

No. 19-cv-1937-JLR

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
<u>January 31, 2020</u>

**ORAL ARGUMENT REQUESTED**

1  The brief of Plaintiff Seattlehaunts, LLC ("Seattlehaunts") centers on one argument, repeated over and over. The argument is: Seattlehaunts plausibly alleged a claim for relief because the Court may reasonably infer that Mr. Wondell designed the current version of the Logo without ever having seen the very similar version that Defendant, Thomas Family Farm, LLC ("Thomas Family Farm") had already created. (Dkt. No. 14 at 1:11, 3:26, 6:23, 8:16–27, 9, 10:14–15, 11–12.) Seattlehaunts does not object (*id.* at 15) to judicial notice of the facts, which it expressly admitted in the related State Court Action, that the prior design existed, and that Thomas Family Farm created it. (*See* Dkt. No. 8 at 3). And Seattlehaunts alleges that it hired Wondell to design the Logo for the use of its partnership with Thomas Family Farm. (Dkt. No. 4 ¶¶ 16, 18). Nevertheless, it asserts, the Court may reasonably infer that Wondell never saw the partnership's original design and that the similarity between the two designs is coincidence. (Dkt. No. 14 at 8:16–27, 9, 10:14–15, 11–12). At this stage, Seattlehaunts reasons, what the Court can reasonably infer, it must. If the Court assumes for purposes of the motion that Mr. Wondell independently created the disputed Logo, that raises a factual issue beyond the scope of the pleading and judicially-noticed facts. If such an issue exists, then this case must proceed. QED.

Seattlehaunts' logic is sound, but its premise is not. When determining whether a claim has been plausibly pled, courts are directed to use their "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (quoting Fed. Rule Civ. Proc. 8(a)(2)). Or as one federal appellate court famously put it: "In considering a motion to dismiss, the court is not required to don blinders and to ignore commercial reality." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1110 (7th Cir. 1984)

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

1  (Court need not make the "preposterous" inference that alleged conspirator would help its own vendor become a monopoly and drive up costs.)

Here, the Court is asked to ignore reality and imagine a world in which a commercial partnership designs a logo and then hires a vendor to design a logo for the same purpose, using the same words, without showing the vendor what it has already created.  This is not how businesses act.  It is not how human beings act.  But perhaps these imaginary partners so loathed their original design that they wanted to avoid even showing it to their vendor, to be sure that he would come up with something completely different? No, that cannot be either, because the Court is further asked to imagine that when that vendor, by sheer coincidence, came up with a remarkably similar design—creepy font, lettering all on the top of a Route 9 shield, shield tilted to the left—the partners liked it so much that they used it for the next several years.

This scenario is not, in the strict sense of the word, impossible.  It is not on a par with the sun setting in the east.  But it is not a reasonable inference.  To reach it, the Court would have to wear blinders and ignore commercial reality and common sense.

As a fallback, Seattlehaunts suggests that an issue of fact arises as to whether the two designs are so different that the second cannot even be considered a derivative work.  (Dkt. No.. 14 at 10:16–21).  Again, not plausible on its face.  The Court need not strain to find a possibility that the two facially quite similar designs could be found to bear no real resemblance.

If the Court does not draw the unreasonable, unforced inference, which it should not, then Seattlehaunts' argument collapses.  On the facts alleged and accepted, Mr. Wondell created either a derivative work or a trivial variation on the Logo.  Either way, as set forth in Thomas Family Farms' opening brief, Seattlehaunts has failed to state a claim on which relief may be granted under the Copyright Act.  As for the remaining claims, Seattlehaunts failed to present

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

2

1  any independent reason why those claims should not be dismissed or at least stayed pending the

2  State Court Action.  It only agreed with Thomas Family Farms that the Court should not reach

3  that issue until the Copyright Act claim is dismissed.

4       For these reasons and those set forth in Thomas Family Farms' opening brief, the motion

5  should, respectfully, be granted so that the parties' dispute may proceed in state court.

7  SUBMITTED this 31st day of January, 2020.

8                  CLOUTIER ARNOLD JACOBOWITZ, PLLC

9                  /s/ Emanuel Jacobowitz
   Emanuel Jacobowitz, WSBA No. 39991
10 Priya Sinha Cloutier, WSBA No. 37407
   2701 First Ave, Suite 200
11 Seattle, WA 98121
   Phone: (206) 866-3230
12 Fax: (206) 866-3234
   Manny@CAJlawyers.com
13 Priya@CAJlawyers.com
   *Counsel for Defendant*

MOTION TO DISMISS  
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC  
2701 FIRST AVENUE, SUITE 200  
SEATTLE, WA 98121  
(206) 866-3230  FAX: (206) 866-3234

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to all parties registered with CM/ECF.

EXECUTED this 31st day of January 2020 at Seattle, Washington.

      /s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA No. 39991

MOTION TO DISMISS
(No. 19-cv-1937-JLR)

CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

4