UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLEHAUNTS, LLC, <br><br> Plaintiff, <br> v. <br><br> THOMAS FAMILY FARM, LLC, et al., <br><br> Defendants. | CASE NO. C19-1937JLR <br><br> ORDER DENYING MOTION TO DISMISS OR STAY |

## I. INTRODUCTION

Before the court is Defendant Thomas Family Farm, LLC's ("Thomas Family Farm") motion to dismiss or stay this case. (*See* Mot. (Dkt. # 8); *see also* Reply (Dkt. # 15).) Plaintiff Seattlehaunts, LLC ("Seattlehaunts") opposes the motion. (*See* Resp. (Dkt. # 14).) The court has reviewed the motion, the parties' submissions in support of

//

//

ORDER - 1

and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Thomas Family Farm's motion to dismiss.[1]

## II.  BACKGROUND

**A.   Factual Background**

This is an intellectual property dispute.  Seattlehaunts provides haunted houses, escape rooms, escape games and other similar attractions in Pierce, King, and Snohomish counties in Washington.  (*See* Am. Compl. (Dkt. # 7) ¶ 1.)  Thomas Family Farm owns a farm property (the "Farm") that Thomas Family Farm and Seattlehaunts used to host an annual haunted house event that the parties titled "Nightmare on 9."  (*See id.* ¶¶ 16-17.)  Seattlehaunts alleges that the first Nightmare on 9 event on the Farm occurred in the fall of 2012 and that Seattlehaunts and Thomas Family Farm were "equal partners" in that iteration of the event.  (*See id.*)  Seattlehaunts and Thomas Family Farm continued to run the Nightmare on 9 event on the Farm from 2013 until 2018, but Seattlehaunts claims that it took full control of the annual events beginning in 2013.  (*See id.* ¶¶ 21-25, 29.)  The parties entered into an annual contract for the Nightmare on 9 events from 2013 to 2018 whereby Seattlehaunts leased the Farm from Thomas Family Farm in exchange for 25% of the ticket sales from the event.  (*See id.* ¶¶ 24, 29.)

//

---

[1] Thomas Family Farm requested oral argument on the motion (*see* Mot.), but Seattlehaunts did not (*see* Resp.).  The parties thoroughly briefed the issues, and the court finds that this matter can be decided on the parties' papers.  Thus, the court DENIES Defendants' request for oral argument.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

Thomas Family Farm developed the following graphic for the Nightmare on 9 events:



(*See* Jacobowitz Decl. (Dkt. # 9) ¶ 2, Ex. 1 ("State Court Compl.") ¶ 11, Ex. B (the "Hook Graphic"); *see also id.*, ¶ 3, Ex. 2 ("State Court Answer"), ¶ 11 (admitting allegation in paragraph 11).[2]) However, Seattlehaunts alleges that it contracted with an independent artist, Joseph Wondell, in 2012 to design the following graphic for use in marketing and advertising for the Nightmare on 9 events:



---

[2] As discussed below, the court takes judicial notice of the existence of a parallel lawsuit filed by Thomas Family Farm in Snohomish County Superior Court and of select allegations from the pleadings in that action. *See infra* § III.A.

(*See* Am. Compl. ¶¶ 3, 18, 35-36 (hereinafter, the "Wondell Graphic").) Thomas Family Farm paid Mr. Wondell's original invoice for designing the Wondell Graphic, and the parties used the Wondell Graphic to promote the Nightmare on 9 events. (*See id.* ¶¶ 18, 35-36.)

On June 25, 2019, Thomas Family Farm informed Seattlehaunts that Seattlehaunts was not welcome to run a Nightmare on 9 event at the Farm in the fall of 2019. (*See id.* ¶ 31.) Accordingly, Seattlehaunts advertised on its website that it would not run the Nightmare on 9 event at the Farm in 2019, but that fans of the Nightmare on 9 event should look for Seattlehaunts' new location in 2020. (*See id.* ¶ 32.) However, Thomas Family Farm advertised on its website that it would be offering a "renovated" Nightmare on 9 event in 2019. (*See id.* ¶ 41.) Seattlehaunts alleges that Thomas Family Farm's website advertisements featured copies of the Wondell Graphic. (*See id.*)

On August 7, 2019, Seattlehaunts filed a Washington State trademark application for the text "NIGHTMARE ON 9," but the Washington Secretary of State denied the application because Thomas Family Farm had already registered a trademark for Wondell Graphic. (*See id.* ¶¶ 33-34, 42, Exs. 1, 5.[3]) On December 7, 2018 received a trademark registration for the following trademark: THE WORDS "NIGHTMARE ON 9" OVER A HIGHWAY SIGN. (*See id.* ¶ 42, Ex. 5.) On August 13, 2019, Thomas Family Farm sent Seattlehaunts a demand letter alleging that Seattlehaunts was intentionally infringing on Thomas Family Farm's trademark by continuing to use it in Seattlehaunts' advertising

---

[3] The court may consider documents appended or attached to the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

and promotional material.  (*See id.* ¶ 45.)  Thomas Family Farm demanded payment of $39,000.00 for a transfer of the trademark and registration to Seattlehaunts.  (*See id.* ¶ 46.)

On August 15, 2019, Seattlehaunts executed an agreement with Mr. Wondell in which Mr. Wondell assigned his ownership interest and copyright in the Wondell Graphic to Seattlehaunts.  (*See id.* ¶¶ 37-38, Ex. 3.)  The following day, Seattlehaunts filed an application to register the copyright in the Wondell Graphic with the U.S. Copyright Office.  (*See id.* ¶ 39.)  On August 20, 2019, the Register of Copyrights issued Seattlehaunts a copyright registration with an effective date of August 16, 2019 in the work titled "Nightmare on 9 Haunted House Graphics."  (*See id.* ¶ 39, Ex. 4.)  After receiving the registration, Seattlehaunts sent a response to Thomas Family Farm's demand letter that notified Thomas Family Farm that Seattlehaunts had registered the copyright in the Wondell Graphic and demanded that Thomas Family Farm cease all use of the intellectual property that Seattlehaunts believed it owned.  (*See id.* ¶ 47, Ex. 6.)  According to Seattlehaunts, Thomas Family Farm did not stop using the Wondell Graphic and instead ran a Nightmare on 9 event at the Farm in September and October 2019 and used the Wondell Graphic in its advertising for that event.  (*See id.* ¶¶ 48-49.)

**B.    Procedural Background**

On October 7, 2019, Thomas Family Farm filed a lawsuit against Seattlehaunts in Snohomish County Superior Court, *Thomas Family Farm, LLC v. Seattlehaunts, LLC*, Cause No. 19-2-09008-31 (the "State Court Action").  (*See* Am. Compl. ¶ 9; State Court Compl.)  In that lawsuit, Thomas Family Farm brings claims for state trademark

infringement and defamation against Seattlehaunts. (*See* Am. Compl. ¶ 9; State Court Compl. at 5-7.) Seattlehaunts filed this lawsuit against Thomas Family Farm in this court on November 26, 2019 (*see* Compl. (Dkt. # 1) at 17) and amended the complaint on December 18, 2019 (*see* Am. Compl. at 21). Seattlehaunts brings claims for unregistered trademark infringement and false designation or origin under the Lanham Act, 15 U.S.C § 1125; Copyright Infringement under 17 U.S.C. § 101; unfair competition under the Washington Consumer Protection Act, RCW ch. 19.86; declaratory judgment of non-infringement; declaratory judgment of abandonment; and declaratory judgment of non-disparagement. (*See* Am. Compl. ¶¶ 50-79.)

### III.    ANALYSIS

Thomas Family Farm moves (1) to dismiss Seattlehaunts' claims for copyright infringement and trademark infringement under Rule 12(b)(6) (*see* Mot at 7-12) and (2) to dismiss or stay Seattlehaunts' remaining causes of action under the *Colorado River* abstention doctrine (*see* Mot. at 12-15); *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). Thomas Family Farm also requests that the court take judicial notice of the allegations in the complaint and answer filed in the State Court Action and the contract between Seattlehaunts and Thomas Family Farm. (*See id.* at 1-2.) The court first addresses the threshold issue of judicial notice before turning to Thomas Family Farm's motion.

**A.    Judicial Notice**

"The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may take judicial notice of documents filed in Washington state court cases. *See Khazali v. Berns*, No. C16-1022JLR, 2016 WL 4479915, at *1 n.3 (W.D. Wash. Aug. 24, 2016) (collecting cases). However, "[i]f the facts in such documents are disputed, 'judicial notice is limited to recognizing that the documents exist, but not for the truth of the matters set forth therein, as those factual matters remain contested.'" *IDS Prop. Cas. Ins. Co. v. Ivanov*, No. C18-1161-JCC, 2019 WL 2646112, at *3 (W.D. Wash. June 27, 2019) (quoting *Brown v. Home Depot*, No. C14-0896 RSM, 2015 WL 9839773, at *3 (W.D. Wash. Feb. 5, 2015)).

The court grants in part and denies in part Thomas Family Farm's request for the court to take judicial notice of the State Court Action and the parties' pleadings in the State Court Action. (*See* Mot. at 1-2.) The court takes judicial notice of the existence of the State Court Action. The fact that Thomas Family Farm filed the State Court Action is an adjudicative fact that is appropriate for judicial notice because it is "not subject to reasonable dispute" and can readily be determined from Thomas Family Farm's public state court filings. Fed. R. Evid. 201(b). The court also takes judicial notice of the existence of the Hook Graphic, which was developed by Thomas Family Farm. (*See* State Court Compl. ¶ 11, Ex. B.) Notably, Seattlehaunts admitted in the State Court Action that Thomas Family Farm developed the Hook Graphic and does not object to Thomas Family Farm's request that the court take judicial notice of the Hook Graphic. (*See* State Court Answer ¶ 11; Resp. at 19.) Thus, the court concludes that the existence of the Hook Graphic and the fact that Thomas Family Farm designed the Hook Graphic

are adjudicative facts that are not subject to reasonable dispute under Federal Rule of Evidence 201(b). *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that a court may "take judicial notice of undisputed matters of public record"); *see also United States ex rel. Hyatt v. Mirza*, No. 2:17-CV-2125 KJM-KJN, 2018 WL 6653319, at *2 (E.D. Cal. Dec. 19, 2018) (taking judicial notice of documents filed in state court proceedings where the non-movant did not oppose the movant's request for judicial notice). Accordingly, judicial notice of those specific adjudicative facts is appropriate.[4]

The court otherwise denies Thomas Family Farm's motion for the court to take judicial notice of the facts from the pleadings in the State Court Action. First, Seattlehaunts contests many of the allegations in the State Court Action (*see* Resp. at 19), meaning that those allegations are "subject to reasonable dispute" and not appropriate for judicial notice. *See IDS Prop. Cas. Ins. Co.*, 2019 WL 2646112, at *3 ("[T]he factual allegations in the estates' state court complaints have not been tried and are being contested in state court by the [defendants]. Therefore, the facts contained in the [plaintiffs'] complaints are not properly subject to judicial notice.") (citations omitted). Second, although Seattlehaunts' answer in the State Court Action admitted certain

---

[4] Although the court takes judicial notice of the Hook Graphic and the fact that Thomas Family Farm developed the Hook Graphic, the court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to [d]efendants that could reasonably be disputed." *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). Thus, the court declines to make inferences from the Hook Graphic in Thomas Family Farm's favor or to take judicial notice of any other disputed allegations from the State Court Action relating to the Hook Graphic that the parties dispute.

allegations in Thomas Family Farm's complaint in the State Court Action, the admitted allegations are not relevant to the current motion or duplicative of allegations contained in Seattlehaunts' complaint in this case, rendering judicial notice unnecessary. (*See, e.g.*, State Court Compl. ¶ 8 (alleging that Thomas Family Farm owns a farm in Snohomish, Washington that was used for amusement park events), ¶ 21 (alleging that Seattlehaunts advertised that the Nightmare on 9 event would not take place at Thomas Family Farm in 2019); *see also* State Court Answer, ¶¶ 8, 21.)

Finally, although the court will not take judicial notice of the contract between Thomas Family Farm and Seattlehaunts (*see* State Court Compl. ¶ 16, Ex. H) under Rule 201(b), the court concludes that it may consider that contract under the "incorporation by reference" doctrine. *See Corinthian Colleges*, 655 F.3d at 999. That doctrine provides an exception to the general rule that courts may not consider extrinsic evidence on a Rule 12(b)(6) motion to dismiss for "[extrinsic] evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The parties' contract is referred to in the complaint and central to Seattlehaunts' claims (*see, e.g.*, Am. Compl. ¶¶ 7, 21, 29), and Seattlehaunts does not object to the authenticity of the contract (*see generally* Resp.). As such, the court concludes that it may consider the contract in deciding Thomas Family Farm's motion to dismiss if the contract proves relevant to the issues before the court.

//

**B.      Legal Standard for a Motion to Dismiss**

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'. . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

//

//

## C. Thomas Family Farm's Motion to Dismiss

### 1. Copyright Infringement

To state a claim for copyright infringement, Seattlehaunts must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). Seattlehaunts alleges that it owns a valid copyright in the Wondell Graphic. (*See* Am. Compl. ¶¶ 37-39, 55.) In support of that claim, Seattlehaunts attaches its copyright registration certificate and the assignment agreement that allegedly transferred ownership of the copyright from Mr. Wondell to Seattlehaunts. (*See id.* Exs. 3-4.) Seattlehaunts also alleges that Thomas Family Farm used Seattlehaunts' copyright in the Wondell Graphic without authorization on its website, social media pages, and various print form at the Farm. (*See id.* ¶¶ 41, 48-49, 56-58.) The court concludes that those allegations sufficiently allege a copyright infringement claim. *See, e.g.*, *Gladwell Gov't Servs., Inc. v. Cty. of Marin*, 265 Fed. App'x 624, 626 (9th Cir. 2008) ("Because Gladwell has alleged a protectable copyright interest . . . that cannot be transferred except in conformity with the requirements of the Copyright Act, Gladwell . . . has stated a claim for relief sufficient to withstand a motion to dismiss on the pleadings.").

Thomas Family Farm's arguments in support of dismissing Seattlehaunts' copyright infringement claim all suffer from the same fatal flaw—they misconstrue the appropriate bounds of a Rule 12(b)(6) motion. First, Thomas Family Farm argues that Seattlehaunts' copyright in the Wondell Graphic is invalid because "[Mr.] Wondell

made relatively trivial changes to the original [Hook Graphic] created by Thomas Family Farm," which means that the Wondell Graphic is not an original work under 17 U.S.C. § 102(a) and cannot be copyrighted. (*See* Mot. at 8-10.) "[O]riginal, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1077 (9th Cir. 2000) (quoting *Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991)). Here, the complaint sufficiently alleges that Mr. Wondell created an original work at Seattlehaunts' direction and assigned that work to Seattlehaunts, who successfully registered the work. (*See* Am. Compl. ¶¶ 3, 35-39, Exs. 3-4.)

        Although the court has taken judicial notice of the existence of the Hook Graphic and the fact that Thomas Family Farm created the Hook Graphic, the court is not entitled to make any additional inferences in Thomas Family Farm's favor from that evidence on a motion to dismiss. *See Corinthian Colleges*, 655 F.3d at 999 (holding that a court "may not, on the basis of evidence outside of the [c]omplaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed"). Thus, the court rejects Thomas Family Farm's invitation to look beyond the well-pleaded allegations in the complaint and the limited facts that the court is entitled to judicially notice and make a conclusive determination that the Wondell Graphic is not "original" under 17 U.S.C. § 102(a) at the motion to dismiss stage of this case.[5] *Dezendorf v. Twentieth Century-Fox*

---

[5] Indeed, none of the cases Thomas Family Farm cites in support of its originality argument were decided on a motion to dismiss. *See L. Batlin & Son, Inc. v. Snyder*, 536 F.2d

*Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938) ("[W]e are confronted with a nice question of originality, which is one of fact, not of law; one that may not be summarily disposed of upon a motion to dismiss, but which must be established by proof.") (citations and internal quotations omitted); *Fabritex Inc. v. Target Corp.*, No. CV1508231ABJPRX, 2016 WL 7446919, at *3-4 (C.D. Cal. Mar. 25, 2016) (concluding that "a dispositive determination of originality would be premature" at the pleading stage of the case).

Thomas Family Farm's second argument that Seattlehaunts' copyright registration is invalid because Seattlehaunts failed to inform the Registrar that the copyright is a derivative work (*see* Mot. at 10-11) suffers from a similar malady. A showing that a copyright registration contains inaccurate information does not invalidate the registration "unless (1) 'the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate,' and (2) 'the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.'" *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1144 (9th Cir. 2019) (quoting 17 U.S.C. § 411(b)(1)). Thus, in order to determine that Seattlehaunts' copyright registration is invalid on a motion to dismiss, the court would have to conclude that the well-pleaded allegations of the complaint and the limited judicially noticed facts conclusively show the following: (1) Seattlehaunts provided

---

486, 487-88 (2d Cir. 1976) (preliminary injunction); *Gracen v. Bradford Exchange*, 698 F.2d 300, 305 (7th Cir. 1983) (summary judgment); *Moore Pub., Inc. v. Big Sky Marketing, Inc.*, 756 F. Supp. 1371, 1374 (D. Idaho 1990) (summary judgment). Thomas Family Farm cites no authority in support of its assertion that the court can weigh evidence and make originality findings at the pleading stage. (*See generally* Mot. at 7-10.)

inaccurate information to the Registrar because the Wondell Graphic is, in fact, a derivative work; (2) Seattlehaunts had knowledge that the Wondell Graphic was a derivative work; and (3) the Register of Copyrights would have refused the registration if Seattlehaunts had disclosed that the Wondell Graphic was a derivative work. *See generally id.* at 1145-47 (outlining the steps required to determine whether a copyright registration should be invalidated on the basis of allegedly inaccurate information under 17 U.S.C. § 411(b)(1)). The court cannot make such a finding at this stage of the case.

Finally, Thomas Family Farm argues that if the court were to construe the Wondell Graphic as a "joint work" between Mr. Wondell and Thomas Family Farm, then Seattlehaunts could not sue Thomas Family Farm for infringement because a joint owner cannot be liable to another joint owner for infringement. (*See* Mot. at 11-12.) But Thomas Family Farm explicitly states that "[t]he [c]ourt is not asked in this motion to determine whether the [Graphic] is a joint work." (*See id.* at 11.) That statement leaves the court perplexed. The court is at a loss as to how it could dismiss Seattlehaunts' copyright infringement claim on the basis that Seattlehaunts and Thomas Family Farm jointly own the Wondell Graphic without finding that the Wondell Graphic is a joint work.

Nevertheless, the court concludes that it cannot find that the Wondell Graphic is a joint work in the course of ruling on Thomas Family Farm's motion to dismiss. A "joint work" is "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." *See Richlin v. MGM Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008). The well-pleaded

allegations of the complaint and the judicially noticed facts before the court plausibly allege that the copyright in the Wondell Graphic is owned by Seattlehaunts and is not a joint work. Thus, the court rejects this argument.

In sum, the court concludes that Seattlehaunts has plausibly alleged a claim for copyright infringement. Accepting Thomas Family Farm's arguments in favor of dismissal would require the court to weigh extrinsic evidence. Those arguments may be appropriate for summary judgment or trial, but they are not appropriate in a motion to dismiss. Accordingly, the court DENIES Thomas Family Farm's motion to dismiss Seattlehaunts' copyright infringement claim.

### 2. Trademark Infringement

Thomas Family Farm offers a two-sentence argument in its motion that Seattlehaunts' Lanham Act claim should be dismissed because the parties' 2013 contract used the phrase "Thomas Family Farm's trademarked 'Nightmare on 9'" when referring to Thomas Family Farm's right to sell apparel under the contract. (*See* Mot. at 12; State Court Compl. ¶ 16, Ex. H, § 7.) Without further explanation, Thomas Family Farm concludes that this phrase provides conclusive proof that any unregistered trademark rights in the Wondell Graphic "belong[] to Thomas Family Farm," which allegedly means that Seattlehaunts cannot sustain a Lanham Act claim for confusion or dilution of an unregistered trademark. (*See* Mot. at 12.) Given that Thomas Family Farm offered no authority or argument in support of its claim that this phrase undermines Seattlehaunts' Lanham Act claim, the court rejects this argument and finds that Seattlehaunts states a claim for confusion or dilution of an unregistered trademark by alleging that it has

trademark rights in the Wondell Graphic that Thomas Family Farm infringed. (*See* Am. Compl. ¶¶ 3, 5, 8, 41, 50-53.) As such, the court DENIES Thomas Family Farm's motion to dismiss Seattlehaunts' trademark infringement claim.

**D.** ***Colorado River* Abstention**

The court also denies Thomas Family Farm's request to dismiss or stay each of Seattlehaunts' remaining claims under the *Colorado River* abstention doctrine. *See Colorado River*, 424 U.S. at 817. The court has a "virtually unflagging obligation . . . to exercise the jurisdiction given [to it]." *Id.* The *Colorado River* abstention doctrine provides a limited exception to that rule that allows a court to "stay its proceedings in deference to pending state proceedings" when "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," so warrant. *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). In the Ninth Circuit, however, *Colorado River* abstention is "inapplicable" to claims, such as copyright infringement claims, that fall within the court's exclusive jurisdiction. *See Minucci v. Agrama*, 868 F.2d 1113, 1115 (9th Cir. 1989) ("Since Minucci's copyright claim is within the exclusive jurisdiction of the federal courts, the Colorado River doctrine is inapplicable."); *Legal Econ. Evaluations, Inc. v. Metro. Life Ins. Co.*, 39 F.3d 951, 956 (9th Cir. 1994) ("Ninth Circuit precedent . . . precludes *Colorado River* abstention where federal jurisdiction is exclusive."). Indeed, Thomas Family Farm seeks to dismiss or stay Seattlehaunts' remaining causes of action only in the event that the court dismisses Seattlehaunts' copyright infringement claim. (*See* Mot. at 12 ("Stripped of Seattlehaunts' unsupportable, inadequate Copyright Act allegations,

this case, respectfully, should not stay in this [c]ourt."); Reply at 3 ("[Seattlehaunts] agreed with Thomas Family Farm[] that the [c]ourt should not reach [the *Colorado River*] issue until the Copyright Act claim is dismissed.").) Accordingly, the court DENIES Thomas Family Farm's motion to dismiss or stay.

### IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Thomas Family Farm's motion to dismiss or stay this case (Dkt. # 8).

Dated this 6th day of April, 2020.

JAMES L. ROBART
United States District Judge